UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CHINELLO EGWUATU,

    Plaintiff,
v.                              Case No.:  8:10-cv-996-T-33TGW

BURLINGTON COAT FACTORY
WAREHOUSE CORP., etc.,

    Defendant.
_____/

**ORDER**

This matter comes before the Court pursuant to Defendant's Dispositive Motion for Summary Judgment (Doc. # 42), filed on March 6, 2011. On March 16, 2011, Plaintiff filed her Response Opposing the Dispositive Motion for Summary Judgment. (Doc. # 43). For the reasons that follow, the Motion is due to be granted.

**I.   Factual Background and Procedural History**

Plaintiff Chinello Egwuatu was shopping in Burlington Coat Factory when she was accused by a cashier of switching tags on merchandise. (Doc. # 2 at ¶ 6). The cashier directed Ms. Egwuatu to the manager and also gave her the number of Burlington's corporate headquarters. (Doc. # 42 at ¶ 6). Dissatisfied with the manager's response, she asked that the police be called so that the incident could be recorded. (Id.)

1

Two officers arrived and spoke with her and the manager but did not review the store's surveillance tapes as she requested. (Doc. # 2 at ¶ 8). Ms. Egwuatu was advised that the store manager did not want to press charges. (Doc. # 42 at ¶ 6). She testified that she heard the officers ask the manager twice if he wanted her to leave and that he responded affirmatively both times. (Id.) The officers then warned Ms. Egwuatu more than once that she would be arrested for trespass if she did not leave the premises. (Id. at ¶ 8). She refused and was placed under arrest for trespass. (Id.)

Ms. Egwuatu filed a five-count complaint against Burlington in state court on September 24, 2008. (Doc. # 2). On April 26, 2010, Burlington removed the case to this Court on the basis of diversity of citizenship, once the jurisdictional limit was met, pursuant to 28 U.S.C. § 1332. (Doc. # 1). Ms. Egwuatu's counsel withdrew on December 1, 2011 (Doc. # 16) and she is proceeding *pro se.*

In Count I of the Complaint, Ms. Egwuatu alleges that Burlington employees falsely accused her of switching price tags on clothing, leading to her unlawful arrest. (Doc. # 2 at ¶¶ 18-19). Count II alleges a similar basis for a claim of false imprisonment. (Id. at ¶¶ 23-24). In Count III, Ms. Egwuatu asserts that the false accusations and her subsequent

2

arrest in public placed her in a false light in the public eye. (Id. at ¶¶ 29-30). In Count IV, she alleges that Burlington's actions constitute intentional infliction of emotional distress. (Id. at ¶ 35). In Count V, Ms. Egwuatu argues that Burlington personnel made public statements that injured her reputation. (Id. at ¶¶ 38-39).

Burlington filed its Dispositive Motion for Summary Judgment (Doc. # 42) on March 6, 2011. Ms. Egwuatu filed her Response in Opposition to the Motion (Doc. # 43) on March 16, 2011. The Motion is ripe for the Court's review.

## II. Standard of Review

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). A factual dispute alone is not enough to defeat a properly pled motion for summary judgment; only the existence of a genuine issue of material fact will preclude a grant of summary judgment. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986).

An issue is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving

party. Mize v. Jefferson City Bd. of Educ., 93 F.3d 739, 742 (11th Cir. 1996)(citing Hairston v. Gainesville Sun Publ'g Co., 9 F.3d 913, 918 (11th Cir. 1993)).[1] A fact is material if it may affect the outcome of the suit under the governing law. Allen v. Tyson Foods, Inc., 121 F.3d 642, 646 (11th Cir. 1997). The moving party bears the initial burden of showing the court, by reference to materials on file, that there are no genuine issues of material fact that should be decided at trial. Hickson Corp. v. N. Crossarm Co., Inc., 357 F.3d 1256, 1260 (11th Cir. 2004)(citing Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986)). "When a moving party has discharged its burden, the non-moving party must then 'go beyond the pleadings,' and by its own affidavits, or by 'depositions, answers to interrogatories, and admissions on file,' designate specific facts showing that there is a genuine issue for trial." Jeffery v. Sarasota White Sox, Inc., 64 F.3d 590, 593-94 (11th Cir. 1995)(citing Celotex, 477 U.S. at 324).

If there is a conflict between the parties' allegations or evidence, the non-moving party's evidence is presumed to be true and all reasonable inferences must be drawn in the non-

---

[1] "For factual issues to be considered genuine, they must have a real basis in the record." Mize, 93 F.3d at 742 (quoting Hairston, 9 F.3d at 919).

4

moving party's favor. Shotz v. City of Plantation, Fla., 344 F.3d 1161, 1164 (11th Cir. 2003). If a reasonable fact finder evaluating the evidence could draw more than one inference from the facts, and if that inference introduces a genuine issue of material fact, the court should not grant summary judgment. Samples ex rel. Samples v. City of Atlanta, 846 F.2d 1328, 1330 (11th Cir. 1988)(citing Augusta Iron & Steel Works, Inc. v. Employers Ins. of Wausau, 835 F.2d 855, 856 (11th Cir. 1988)). However, if non-movant's response consists of nothing "more than a repetition of his conclusional allegations," summary judgment is not only proper, but required. Morris v. Ross, 663 F.2d 1032, 1034 (11th Cir. 1981), cert. denied, 456 U.S. 1010 (1982).

### III. Analysis

Burlington asserts, with reference to record evidence, that there are no genuine issues of material fact in this case. (Doc. # 42 at ¶ 4). The Court must assess whether Ms. Egwuatu, as non-movant, carried her burden of pointing to specific facts that create a genuine dispute for trial. The Court will construe the facts in the light most favorable to the Plaintiff as non-movant.

In her Response, Ms. Egwuatu states that "[t]here are many inconsistencies in the Defendant's pleadings and

5

evidential presentation" but she offers no specifics. (Doc. # 43 at ¶ 2). Most of her Response merely restates her allegations. Her limited discussion of the pertinent facts does not vary in any material way from her deposition testimony, the essence of which Burlington does not dispute.

In deference to Ms. Egwuatu's *pro se* status, however, the Court has read her Response with special care. See Albra v. Advan, Inc., 490 F. 3d 826, 829 (11th Cir. 2007) (holding that *pro se* pleadings are entitled to liberal construction). It appears that Ms. Egwuatu may not understand what is meant by "material facts in dispute," as she states that "there is much material fact to this case." (Doc. # 43 at ¶ 3). The Court takes this to mean that Burlington's Motion does not mention allegations she deems pertinent – specifically her assertion that she was accused of switching tags in retaliation for thwarting Burlington's attempt to defraud her. (Id. at ¶ 3-4). However, there is simply no evidence to support this argument and, in any event, it has no bearing on the claims at issue.

The Court therefore finds that there are no factual disputes in this case. Even construing the Plaintiff's pleadings liberally and viewing the evidence in the light most favorable to Plaintiff as non-movant, the Court determines that Defendant is entitled to summary judgment.

Defendant Burlington asserts that summary judgment is appropriate as to each count of the Complaint. As to Counts I and II, for false arrest and false imprisonment, Burlington argues that Ms. Egwuatu was lawfully arrested for trespass after multiple warnings. (Doc. # 42 at 11). As to Count III, Burlington contends that none of the categories of invasion of privacy is applicable to the facts of this case. (Id. at 11-12). Burlington asserts that Count IV must fail because the conduct of its employees does not support a claim for intentional infliction of emotional distress. (Id. at 15). Finally, Burlington argues that Ms. Egwuatu has produced no evidence supporting her claim for defamation, Count V. (Id. at 17-18). The Court will address each of these theories in turn.

### A. False Arrest

Ms. Egwuatu argues in Count I of her Complaint that Burlington's employees falsely accused her of a crime she did not commit (switching tags on merchandise), resulting in her unlawful arrest. (Doc. # 2 at ¶ 19). Burlington counters that she was lawfully arrested for trespass after refusing multiple requests to leave the store. (Doc. # 42 at 11).

Under Florida law, false imprisonment is the restraint of a person against her will without legal authority and in a manner that is unreasonable under the circumstances. Montejo

7

v. Martin Mem'l Med. Ctr., Inc., 935 So. 2d 1266, 1268 (Fla. 4th DCA 2006). Probable cause for an arrest for any offense recognized under state law defeats a false arrest claim. Epstein v. Toys-R-Us Dela., Inc., 277 F. Supp. 2d 1266, 1272 (S.D. Fla. 2003).

Ms. Egwuatu was arrested for trespass pursuant to Section 810.08 of the Florida Statutes.[2] Ms. Egwuatu acknowledges that she heard the store manager state that he wanted her to leave. (Doc. 42-1, Plaintiff Depo. 66:3-12). The officers who responded to the call stated that they warned Ms. Egwuatu that she would be arrested for trespass if she did not leave. (Doc. 42-4, Officer Koehler Depo. 25:8-25). The record evidence shows that probable cause existed to arrest Ms. Egwuatu for trespass. No reasonable jury could find otherwise. The Court therefore grants summary judgment as to Count I.

---

[2] The statute states in relevant part that anyone "having been authorized, licensed, or invited, is warned by the owner or lessee of the premises, or by a person authorized by the owner or lessee, to depart and refuses to do so, commits the offense of trespass." Fla. Stat. § 810.08(1).

**B.     False Imprisonment**

Burlington argues that Ms. Egwuatu's claim for false imprisonment (Count II) must also fail because "false arrest and false imprisonment are different labels for the same cause of action" under Florida law. (Rankin v. Evans, 133 F.3d 1425, 1431 n.5 (11th Cir. 1998) (quoting Weissman v. K-Mart Corp., 396 So. 2d 1164, 1164 n.1 (Fla. 3d DCA 1981). The Court agrees and grants summary judgment as to Count II for the same reasons as to Count I.

**C.     Invasion of Privacy**

In Count III, Ms. Egwuatu asserts that the accusations made against her by the Burlington cashier and her subsequent arrest invaded her right to privacy by placing her in a false light in the public eye. (Doc. # 2 at ¶¶ 31-32). Burlington argues that the undisputed facts do not give rise to any viable claim for invasion of privacy. (Doc. # 42 at 11-12).

The Florida Supreme Court has recognized four categories of invasion of privacy: (1) appropriation of a person's name or likeness for commercial gain, (2) intrusion on seclusion, (3) public disclosure of private facts, and (4) false light in the public eye. Allstate Ins. Co. v. Ginsberg, 863 So. 2d 156, 162 (Fla. 2003)(citation omitted); Epic Metals Corp. v. CONDEC, Inc., 867 F. Supp. 1009, 1017 (M.D. Fla. 1994). The

9

Florida Supreme Court has more recently held that it no longer recognizes false light as a viable cause of action. <u>Jews for Jesus, Inc. v. Rapp</u>, 997 So. 2d 1098, 1114 (Fla. 2008).

As Burlington points out, appropriation is not at issue in this case, leaving potential claims for intrusion on seclusion and public disclosure of private facts. (Doc. # 42 at 11). Intrusion on seclusion involves "intrusion upon plaintiff's physical solitude . . . as by invading plaintiff's home, or other quarters, or an illegal search of his shopping bag in a store." <u>Vernon v. Med. Mgmt. Assoc. of Margate, Inc.</u>, 912 F. Supp. 1549, 1561 (S.D. Fla. 1996) (quoting <u>Guin v. City of Riviera Beach</u>, 388 So. 2d 604, 606 (Fla. 4th DCA 1980)). No such intrusion has been alleged, or is supported by the facts. Public disclosure of private facts involves the publicity of private matters that would be considered offensive and not of public concern. <u>Cape Publications, Inc. v. Hitchner</u>, 549 So. 2d 1374, 1377 (Fla. 1989). Logic dictates that no private facts were disclosed in this case and, in any event, the disclosure was only to those present at the scene of the incident and not to the public at large. See <u>Williams v. City of Minneola</u>, 575 So. 2d 683, 689 (Fla. 5th DCA 1991) (noting that the "publicity . . . must be to the public at large or to so many persons that the matter . . . become(s) public

10

knowledge"). There is no evidence in the file that supports an invasion of privacy claim. Thus the Court grants summary judgment as to Count III.

**D.     Intentional Infliction of Emotional Distress**

Ms. Egwuatu argues in Count IV that the conduct of Burlington personnel was "retaliatory, malicious, egregious, and utterly outrageous and beyond the bounds of human decency" and thus constitutes intentional infliction of emotional distress. (Doc. # 2 at ¶ 35). Burlington contends that the actions of its personnel were not sufficiently outrageous to support this cause of action. (Doc. # 42 at 15).

Under Florida law, a cause of action for intentional infliction of emotional distress requires "conduct so outrageous in character, and so extreme in degree, as to go beyond all bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." Pierson v. Orlando Reg'l Healthcare Sys., Inc., 619 F. Supp. 2d 1260, 1286 (M.D. Fla. 2009) (internal quotations and citations omitted). Whether the conduct in question meets this standard is a question of law. Id. Generally, "some level of physical contact or severely threatening behavior" is required to support a claim for intentional infliction of emotional distress; "insults and indignities are not sufficient," and

11

the plaintiff's mental distress is irrelevant. <u>U.S. ex rel. Crenshaw v. Degayner</u>, 622 F. Supp. 2d 1258, 1283 (M.D. Fla. 2008).

In this case, the store clerk's accusation that Ms. Egwuatu switched tags on merchandise falls squarely within the category of "insults and indignities." Furthermore, law enforcement was summonsed at Ms. Egwuatu's behest, and her subsequent arrest occurred because she refused to leave the premises. (Doc. # 42 at ¶¶ 6-8). The Court finds that the actions of Burlington's employees do not support a claim for intentional emotional distress. The Court therefore grants summary judgment as to Count IV.

### E. **Defamation**

In Count V, Ms. Egwuatu argues that Burlington injured her reputation by publicly making false statements. Burlington counters that Ms. Egwuatu has presented no evidence that would overcome the qualified immunity that arises with communications to law enforcement, or any evidence of damage to her reputation in the community.

"To recover in a defamation action, a plaintiff must show that the defendant published false and defamatory statements concerning him, without reasonable care as to whether those statements were true or false, which resulted in actual damage

12

to the plaintiff." Am. Airlines, Inc. v. Geddes, 960 So. 2d 830, 833 (Fla. 3d DCA 2007). The statements must be "communicated to a third person; statements made to the person alleging the defamation do not qualify." Id. Even then, communications may be qualifiedly privileged if made in good faith by someone having duty or interest in the subject to another person having a corresponding duty or interest. Id. Statements made to law enforcement in furtherance of an investigation are presumed to be qualifiedly privileged. Fridovich v. Fridovich, 598 So. 2d 65, 69 (Fla. 1992). The qualified privilege extends to statements that are untrue. Demby v. English, 667 So. 2d 350, 353 (Fla. 1st DCA 1995).

As noted above, a plaintiff must prove actual damages in order to sustain a defamation claim. Furthermore,

> when statements are protected by a qualified privilege, a plaintiff has the burden of establishing by a preponderance of the evidence that the statements were "false and uttered with common law express malice – i.e., that the defendant's primary motive in making the statements was the intent to injure the reputation of the plaintiff."

Corporate Fin., Inc. v. Principal Life Ins. Co., 461 F. Supp. 2d 1274, 1292 (S.D. Fla. 2006) (quoting Fridovich, 598 So. at 69).

Burlington's accusations that Ms. Egwuatu switched tags on merchandise were made to Ms. Egwuatu herself and to law

13

enforcement. No evidence in the record supports Ms. Egwuatu's claim of damages resulting from any alleged defamatory statement made by Burlington. Therefore, the Court grants summary judgment as to Count V.

Accordingly, it is now

**ORDERED, ADJUDGED,** and **DECREED:**

(1) Defendant's Dispositive Motion for Summary Judgment (Doc. # 42) is **GRANTED.**

(2) The Clerk is directed to enter judgment in favor of Defendant and **CLOSE** this case.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 10th day of June 2011.

_____
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies:

All Counsel of Record

14