UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CHINELLO EGWUATU,[1]

     Plaintiff,

v.                                                    CASE No. 8:10-CV-996-T-33TGW

BURLINGTON COAT FACTORY
WAREHOUSE CORP.,
a foreign corporation

     Defendant.

_____

O R D E R

The plaintiff alleged in this lawsuit that the defendant falsely accused her of switching price tags on merchandise while shopping in the defendant's store. The five-count complaint, which included allegations of false arrest and defamation, was resolved in the defendant's favor on summary judgment.

The defendant has filed a Motion to Tax Attorney's Fees and Costs pursuant to §768.79, Fla. Stat., and Federal Rule of Civil Procedure

[1] It has been pointed out that the plaintiff's first name is correctly spelled "Chinelo," not "Chinello," as it appears in the complaint (Doc. 63, p. 7, n.3; see Doc. 58, p. 1). However, this error has not been corrected in the docket and, for consistency, the case caption matches the spelling used in the docket.

54(d) (Doc. 48). The motion was referred to me for disposition (Doc. 49).

Having considered the materials submitted and the governing legal standards,

the defendant will be awarded an attorneys' fee of $16,498.50, and $3,153.25

in costs.

I.

On September 29, 2006, the plaintiff, Chinelo Egwuatu, was

shopping in Burlington Coat Factory in Brandon, Florida, when she was

accused by a cashier of switching price tags on clothing (Doc. 2). At the

plaintiff's behest, the police were called (Doc. 46, p. 1). Although the store

manager declined to press charges against the plaintiff for price-tag switching,

the plaintiff was subsequently arrested for trespassing because she refused to

leave the store after being told to do so (id., p. 2).

On September 24, 2008, the plaintiff filed a lawsuit in state court

against the defendant, Burlington Coat Factory Warehouse Corp., alleging

claims of false arrest, false imprisonment, invasion of privacy, intentional

infliction of emotional distress, and defamation, arising from the September

29, 2006, incident (Doc. 2). On March 12, 2010, the defendant submitted to

the plaintiff a Proposal for Settlement pursuant to §768.79, Fla. Stat. (Doc. 48-

1). The defendant offered the plaintiff $5,000, in full settlement of her claims, with the plaintiff to bear her own attorney's fees and costs (id.). The plaintiff rejected that offer (Doc. 1-1).

On April 26, 2010, the defendant removed this matter to federal court on the basis of diversity of citizenship (Doc. 1).[2]  On March 6, 2011, the defendant filed a Dispositive Motion for Summary Judgment on the plaintiff's claims (Doc. 42).   United States District Judge Virginia M. Hernandez Covington granted the defendant's Motion for Summary Judgment and, on June 13, 2011, judgment was entered in favor of the defendant (Docs. 46, 47).  The plaintiff has filed a Notice of Appeal of the district court's determination (Doc. 50).[3]

On June 24, 2011, the defendant filed timely a Motion to Tax Attorney's Fees and Costs of $16,498.50, and $3,256.65, respectively (Doc. 48; see also Doc. 63). This motion is supported by counsel's affidavit and time

---

[2]In this connection, the defendant stated that it did not learn the monetary threshold for diversity jurisdiction had been met until the plaintiff demanded $250,000 to settle the matter in correspondence dated March 22, 2010 (Doc. 1, p. 2).

[3]It is noted that the plaintiff has not paid the appellate filing fee, nor been granted leave to proceed *in forma pauperis* (see Doc. 56 (denying, without prejudice, the plaintiff's motion to proceed *in forma pauperis* because the financial affidavit was incomplete)).

records and receipts (Docs. 48-3, 48-5, 63-2). The motion was referred to me for disposition (Doc. 49). The plaintiff opposes the motion on the grounds that her claims are meritorious, and she has appealed the court's entry of summary judgment (Doc. 58). She asserts no challenge to the amount of the requested fee and costs.

The court subsequently directed the defendant to supplement its motion with more detailed information regarding the fee and nature of the costs (Doc. 59). The plaintiff was given an opportunity to file a reply to the supplement (id.). The defendant timely filed a supplemental memorandum (Doc. 63), but the plaintiff did not.

Additionally, the defendant filed a Notice to Court Regarding Mediation Fee (Doc. 51), which requests the court to add a $990 mediation fee to the costs award. This request is based on a court Order awarding the defendant "reimbursement of any portion of the mediator's fee that the defendant pays" as part of its costs and expenses if it prevails because the plaintiff was primarily responsible for the last-minute cancellation of that

mediation (Doc. 41, p. 4).[1] However, upon my request for certification of the amount paid to the mediator (Doc. 64), the defendant stated that it has not paid any of that fee and, therefore, the "[d]efendant is not entitled to be reimbursed for the $990 in question" (Doc. 65).

II.

A. The defendant seeks recovery of an attorneys' fee pursuant to §768.79(1), Fla. Stat., which provides in pertinent part:

> In any civil action for damages filed in the courts of this state, if a defendant files an offer of judgment which is not accepted by the plaintiff within 30 days, the defendant shall be entitled to recover [its] reasonable costs and attorney's fees incurred ... from the date of filing of the offer if the judgment is one of no liability or the judgment obtained by the plaintiff is at least 25 percent less than such offer....

The statute requires that the offer of judgment be in writing, state it is being made pursuant to the section, name the party making it and the party to whom it is being made, and state the total amount offered to settle the claim (including specification of the amount of punitive damages, if any). §768.79(2), Fla. Stat.

---

[1] Alternatively, the Order provided that, if the plaintiff prevailed, the cost of the mediation would be set-off from her award.

Once a good faith offer for judgment in conformity with these requirements is made, and the defendant receives a judgment of no liability, the defendant has the right under §768.79 to recover an attorneys' fee from the date of the settlement offer. See Hannah v. Newkirk, 675 So.2d 112, 114 (Fla. 1996). The defendant has 30 days after entry of judgment to file its motion. §768.79(6), Fla. Stat.

This statute, moreover, applies to diversity actions in Florida's federal courts because §768.79 is "substantive law for Erie purposes." Horowitch v. Diamond Aircraft Industries, Inc., 645 F.3d 1254, 1258 (11th Cir. 2011); Menchise v. Akerman Senterfitt, 532 F.3d 1146, 1150 (11th Cir. 2008). Accordingly, it directs an award of a fee here.

In this case, the defendant served the plaintiff on March 12, 2010, a written Proposal for Settlement pursuant to §768.79, Fla. Stat., in the amount of $5,000, with the plaintiff to bear her own fees and costs (Doc. 48-1). The Proposal for Settlement complied in all respects with the requirements of the applicable statute. The plaintiff rejected that offer (Doc. 1-1). The defendant subsequently received a judgment in its favor on all of the plaintiff's claims, and filed timely a motion for an attorneys' fee (Docs. 47, 48).

Accordingly, under §768.79, Fla. Stat., the plaintiff is liable for the defendant's reasonable attorneys' fee incurred from the date of the Proposal for Settlement.[5] The plaintiff, moreover, presents no legal authority (and none was located) that a pending appeal affects consideration of this motion. See Bradley v. Westburne Supply Inc., 685 So.2d 1353 (Fla. App. 1996)(rejecting a motion for fees under §768.79 that was filed within thirty days after a judgment was affirmed on appeal because the motion should have been filed within thirty days following judgment).

B. With regard to the amount of the attorneys' fee, §768.79(6)(a). Fla. Stat., directs that the offeror shall be awarded a "reasonable" attorneys' fee that is "calculated in accordance with the guidelines promulgated by the [Florida] Supreme Court, incurred from the date the offer was served." Florida

---

[5]The sole basis for rejecting a claim for an attorneys' fee under these circumstances would be that the defendant's offer of judgment was not made in good faith. McMahan v. Toto, 311 F.3d 1077, 1083 (11th Cir. 2002). The obligation of good faith merely requires that "the offeror have some reasonable foundation on which to base an offer." Id. "The burden is upon the offeree to prove that the offeror acted without good faith." Id.

Here, the plaintiff's conclusory assertion that "[t]he offer was not only unreasonable, but insulting" (Doc. 58, p. 3) does not come close to carrying her burden, especially considering that the defendant prevailed on summary judgment on all five claims and the summary judgment Order illustrates the patent lack of evidence supporting those claims (Doc. 46). Therefore, to the extent that the plaintiff contends that the defendant's offer of judgment was not made in good faith, that contention is rejected.

has adopted the federal lodestar approach as the foundation for setting reasonable fee awards. Standard Guar. Ins. Co. v. Quanstrom, 555 So.2d 828, 830 (Fla. 1990).

This method requires the court to determine a "lodestar figure" by multiplying the number of hours reasonably expended on the litigation by a reasonable hourly rate for the services of the prevailing party's attorney. Florida Patient's Compensation Fund v. Rowe, 472 So.2d 1145, 1151 (Fla. 1985); see Allstate Ins. Co. v. Sarkis, 809 So.2d 6, 8 (Fla. App. 2001) (remanding for the entry of an award under §768.79 "based on reasonable hours and rates"). The fee applicant bears the burden of presenting satisfactory evidence to establish that the requested rate is in accord with the prevailing market rate and that the hours are reasonable. Norman v. Housing Authority of City of Montgomery, 836 F.2d 1292, 1303 (11th Cir. 1988).

In computing the lodestar amount, the following factors, enumerated in Rule 4-1.5 of the Rules Regulating the Florida Bar, are to be considered (Standard Guar. Ins. Co. v. Quanstrom, supra, 555 So.2d at 830 n.3):

(1) The time and labor required, the novelty, complexity, and difficulty of the questions involved, and the skill requisite to perform the legal service properly;

(2) The likelihood that the acceptance of the particular employment will preclude other employment by the lawyer;

(3) The fee, or rate of fee, customarily charged in the locality for legal services of a comparable or similar nature;

(4) The significance of, or amount involved in, the subject matter of the representation, the responsibility involved in the representation, and the results obtained;

(5) The time limitations imposed by the client or by the circumstances and, as between attorney and client, any additional or special time demands or requests of the attorney by the client;

(6) The nature and length of the professional relationship with the client;

(7) The experience, reputation, diligence, and ability of the lawyer or lawyers performing the service and the skill, expertise, or efficiency of effort reflected in the actual providing of such services; and

(8) Whether the fee is fixed or contingent....

In this connection, defense counsel has submitted an affidavit attesting to the reasonableness of the fee, along with detailed time records of the legal work performed in this case since its settlement proposal (Doc. 48-3; Doc. 63-2). The plaintiff, despite being given two opportunities to do so, has not asserted any objections to the amount of the requested fee.

1. Reasonableness of the Number of Hours Expended.

The lodestar determination begins with a calculation of the number of hours reasonably expended on the litigation. In this regard, "the attorney fee applicant should present records detailing the amount of work performed. Counsel is expected, of course, to claim only those hours that he could properly bill to his client. Inadequate documentation may result in a reduction in the number of hours claimed, as will a claim for hours that the court finds to be excessive or unnecessary." Florida Patient's Compensation Fund v. Rowe, supra, 472 So.2d at 1150 (citations omitted). The fee opponent then "has the burden of pointing out with specificity which hours should be deducted." Centex-Rooney Const. Co., Inc. v. Martin County, 725 So.2d 1255, 1259 (Fla. App. 1999); see also Norman v. Housing Authority of City of Montgomery, supra, 836 F.2d at 1301.

The defendant requests an attorneys' fee of $16,498.50 for 110.5 hours of legal work between the date of the proposal for settlement and June 10, 2011, when summary judgment was granted (Doc. 63, p. 3, n.2; Doc. 63-2, ¶6). This time was spent on, among other things, researching and drafting the meritorious summary judgment motion, reviewing records, and preparing discovery responses and for the court-ordered mediation (see Doc. 48-3). Specifically, the attorneys seek compensation for the following number of hours: John W. Heilman-109.2 hours, and Michael G. Archibald -1.3 hours (Doc. 63-2, pp. 3-4).

In support of the reasonableness of the hours requested, defense counsel submitted detailed time records (Doc. 48-3) and the affidavit of Heilman (Doc. 63-2). Heilman is counsel of record in this case and, as is apparent from the number of hours he invested in this matter, he has primary responsibility for this case. Heilman asserts in his affidavit that the hours spent on this case were "necessary to defend and obtain resolution of Plaintiff's claims against Burlington Coat Factory Warehouse Corporation" (id., ¶7).

Furthermore, the attorney time records, which adequately set forth the time spent on this matter, have been reviewed. The entries do not show

any patently unreasonable time expenditures or excessive time spent on a legal task. Additionally, there is a substantial amount of unbilled legal work for which compensation is not sought (see Doc. 48-3, pp. 28-40). Moreover, the plaintiff has not argued that the amount of the legal time expended was unreasonable, much less specified any time entries that should be reduced or eliminated. See Centex-Rooney Const. Co., Inc. v. Martin County, supra, 725 So.2d at 1259; Norman v. Housing Authority of City of Montgomery, supra, 836 F.2d at 1301. Therefore, there is no apparent reason to reduce the number of hours for which reimbursement is sought.

Accordingly, each attorney in this action will be reimbursed for the following number of hours of legal work:

| Counsel | Number of hours |
| --- | --- |
| Heilman | 109.2 |
| Archibald | 1.3 |
| **Total attorney hours:** | **110.5** |

2. Hourly Rates.

The second half of the lodestar equation requires a determination of a reasonable hourly rate for the services of the prevailing party's attorney.

As explained in <u>Florida Patient's Compensation Fund</u> v. <u>Rowe</u>, <u>supra</u>, 472

So.2d at 1150-51:

> In establishing this hourly rate, the court should ...
> take into account all of the [Rule 4-1] factors except
> the "time and labor required," the "novelty and
> difficulty of the question involved," the "results
> obtained," and "whether the fee is fixed or
> contingent." The party who seeks the fees carries
> the burden of establishing the prevailing "market
> rate," *i.e.*, the rate charged in that community by
> lawyers of reasonably comparable skill, experience
> and reputation, for similar services.

Further, "[t]he court ... is itself an expert on the question [of fees] and may

consider its own knowledge and experience concerning reasonable and proper

fees...." <u>Norman</u> v. <u>Housing Authority of City of Montgomery</u>, <u>supra</u>, 836 F.2d

at 1303 (citation omitted).

Attorney Heilman requests a fee based on an hourly rate of $140

for work performed in early 2010, and $150 for work performed in mid-2010

to the present (Doc. 63-2). Heilman has been licensed to practice law in

Florida since 2000, and is an associate with the law firm of Marshall,

Dennehey, Warner, Coleman & Goggin, PC (<u>id.</u>, ¶1). Attorney Archibald

requests a fee based on an hourly rate of $165 (<u>id.</u>, p. 3). He is a shareholder

with the law firm of Marshall, Dennehey, Warner, Coleman & Goggin, PC (id., ¶1).

In support of the reasonableness of counsel's hourly rate, attorney Heilman avers that he is "familiar with the fees customarily charged by attorneys in the area and in [his] opinion, the above-stated fees charged were reasonable" (id., ¶7). Furthermore, considering my knowledge of the prevailing market rate for litigators with comparable experience, I find these hourly rates to be eminently reasonable, if not low, for attorneys of comparable experience litigating in federal court. See Norman v. Housing Authority of City of Montgomery, supra. Moreover, as indicated, the plaintiff has not asserted any objection to the hourly rates sought by counsel. Therefore, I find that the hourly rates sought by Heilman and Archibald are reasonable.[6]

---

[6] The other factors enumerated in Rule 4-1.5 of the Rules Regulating the Florida Bar which are to be considered in determining an hourly rate, such as counsel's relationship with the client, are not mentioned by defense counsel and, therefore, they do not provide a basis for awarding a different hourly rate in this case.

Accordingly, the hourly rates of defendant's counsel are set as follows:

| Counsel | Rate per hour |
|---------|---------------|
| Heilman | $140/$150 |
| Archibald | $165 |

The sum of these hourly rates multiplied by the number of hours expended in this case results in the following lodestar amount:

| Counsel | Hourly Rate | Number of Hours | Sum |
|---------|-------------|-----------------|-----|
| Heilman | $140 | 9.6 | $ 1,344.00 |
| Heilman | $150 | 99.6 | $14,940.00 |
| Archibald | $165 | 1.3 | $    214.50 |
| **Total Lodestar** | | | **$16,498.50** |

C. Finally, §768.79(7)(b), Fla. Stat., directs the court to consider the following additional factors in determining a reasonable attorney's fee:

(1) The then apparent merit or lack of merit in the claim.

(2) The number and nature of offers made by the parties.

(3) The closeness of questions of fact and law at issue.

(4) Whether the person making the offer had unreasonably refused to furnish information necessary to evaluate the reasonableness of such offer.

(5) Whether the suit was in the nature of a test case presenting questions of far-reaching importance affecting nonparties.

(6) The amount of the additional delay cost and expense that the person making the offer reasonably would be expected to incur if the litigation should be prolonged.

The court has considered these factors, to the extent the record contains information about them, and none warrants an adjustment to the lodestar, which is presumed to be a reasonable attorneys' fee. See Perdue v. Kenny A. ex rel. Winn, ___ U.S. ___, 130 S.Ct. 1662, 1673 (2010)(there is a "strong presumption" that the lodestar reflects a reasonable statutory fee). This conclusion is buttressed by the fact that these elements were not even mentioned by either party. Therefore, the defendant will be awarded, pursuant to §768.79, Fla. Stat., an attorneys' fee of $16,498.50.

IV.

Additionally, the defendant seeks recovery of costs totaling $3,256.65, pursuant to Federal Rule of Civil Procedure 54(d) (Doc. 63, p. 3). These costs comprise the $350 removal fee, $1,523.70 for transcripts of three depositions and a hearing, $549.03 for photocopies, $66 for witness fees and witness subpoenas, $483 for subpoenas of medical and employment records, $279.92 for third-party fees to print records, and a $5 docketing fee under 28 U.S.C. 1923 (Docs. 63, 63-7, 63-8).

Pursuant to Rule 54(d), F.R.Civ.P., a prevailing party is entitled to reimbursement of costs enumerated in 28 U.S.C. 1920. Crawford Fitting Co. v. J.T. Gibbons, Inc., 482 U.S. 437, 445 (1987). Specifically, the taxable costs are (28 U.S.C. 1920):

> (1) Fees of the clerk and marshal;
>
> (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
>
> (3) Fees and disbursements for printing and witnesses;
>
> (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;

> (5) Docket fees under section 1923 of this title;
>
> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

With the exception of the hearing transcript, the costs sought by the defendant are taxable under 28 U.S.C. 1920(1)-(5).

Specifically, the removal fee and costs for service of process are compensable under §1920(1). United States E.E.O.C. v. W&O, Inc., 213 F.3d 600, 624 (11th Cir. 2000).

Further, the deposition transcripts of the plaintiff and the police officers are reimburseable under §1920(2). In this connection, the Eleventh Circuit has held that the costs for a deposition are taxable when the deposition was "necessarily obtained for use in the case." United States E.E.O.C. v. W&O, Inc., supra, 213 F.3d at 621. These depositions were necessarily obtained for use in this case because they supported the defendant's summary judgment motion (Doc. 42-1 - Doc. 42-4), and two of the depositions were cited in the summary judgment Order (Doc. 46, p. 8). See United States E.E.O.C. v. W&O,

Inc., supra, 213 F.3d at 621 (transcripts of depositions used to support a summary judgment motion are compensable under §1920(2)).

On the other hand, the defendant gives no explanation why the transcript of a hearing was necessarily obtained for use in the case. The defendant states this expense was for a transcript of a hearing before Judge Pizzo on February 15, 2011 (Doc. 63, p. 4). However, neither Judge Pizzo nor I (Judge Pizzo having recused himself) conducted a hearing in this case on February 15, 2011. The record reflects that this expense concerned the transcription of a hearing before Judge Pizzo on January 10, 2011, which was simply denominated as a status conference (Doc. 30; Doc. 48-5, p. 37). Therefore, this $103.40 cost will be excluded.

The defendant also seeks reimbursement for photocopies, which are compensable if "necessarily obtained for use in the case." 28 U.S.C. 1920(4); United States E.E.O.C. v. W&O, Inc., supra, 213 F.3d at 623. In this regard, defense counsel represents that the photocopies were "attributable to discovery, [and consisted of] copies of pleadings, correspondence, documents tendered to the opposing party, copies of exhibits and documents prepared for the court's consideration" (Doc. 63, p. 4, ¶14). Therefore, these photocopy

costs are recoverable. See United States E.E.O.C. v. W&O, Inc., supra; Desisto

College, Inc. v. Town of Howey-in-the Hills, 718 F.Supp. 906, 913 (M.D. Fla.

1989). Further, witness fees and printing costs for medical and employment

records from non-parties are covered under §1920(3). Finally, the docketing

fee is a recoverable expense under §1920(5).

As indicated, the plaintiff has not objected to any of these costs.

Therefore, other than the hearing transcript which the defendant has failed to

show is compensable, the costs enumerated by the defendant are taxable under

§1920.[7] Accordingly, the defendant will be awarded $3,153.25 in taxable

costs.

Finally, as indicated, the defendant's request that a $990 mediation

fee be added to its costs award (Doc. 51) is rejected because the defendant has

not paid any of that fee (Doc. 65). The defendant, furthermore, has

acknowledged that it "is not entitled to be reimbursed for the $990 in

question" (id.).

---

[7]The defendant alternatively requests, in a conclusory manner, that it be awarded costs under §768.79, Fla. Stat., for any expense denied under Rule 54, F.R.Civ.P. (Doc. 63, p. 3). However, the defendant has made no showing that this expense is compensable under §768.79, either.

For the foregoing reasons, it is:

ORDERED:

That   Defendant   Burlington   Coat   Factory   Warehouse Corporation's Motion to Tax Attorney's Fees and Costs (Doc. 48) be, and the same is hereby, **GRANTED to the extent** that the defendant is hereby awarded $16,498.50 in an attorneys' fee, and $3,153.25 in costs.

DONE and ORDERED at Tampa, Florida, this 25 day of August, 2011.

Thomas G. Wilson

THOMAS G. WILSON
UNITED STATES MAGISTRATE JUDGE